IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| Daniel Valerio, (R63177), | ) | |
|---|---|---|
| Petitioner, | ) ) ) | Case No. 15 C 50238 |
| v. | ) ) | Judge Frederick J. Kapala |
| Nicholas Lamb, Acting Warden, Stateville Correctional Center, | ) ) ) | |
| Respondent. | ) | |

## ORDER

This case is dismissed on the merits pursuant to the statute of limitations set forth in 28 U.S.C. § 2244(d). Any pending motions are denied as moot. The Court declines to issue a certificate of appealability. The Clerk is instructed to enter a judgment in favor of Respondent and against Petitioner. Respondent Lamb is terminated and Randy Pfister, the current warden of Stateville Correctional Center, is substituted as Respondent. The Clerk is instructed to alter the case caption to *Valerio v. Pfister*. Civil Case Terminated.

## STATEMENT

Petitioner Daniel Valerio, a prisoner confined at the Stateville Correction Center, brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his murder conviction from the Seventeenth Judicial Circuit Court, Winnebago County, Illinois. He alleges that his due process rights were violated by the introduction of gruesome autopsy photos at trial. Pending before the Court is Petitioner's response to the Court's show cause order. [5].

The Court's show cause order explained that the habeas corpus petition appeared to be untimely based on the information set forth in the petition. Petitioner allowed 113 days to lapse between the completion of his direct appeal and filing his postconviction petition. [4 at 2]. Another 362 lapsed between the completion of his postconviction proceedings and filing the present habeas corpus petition. *Id*. at 3. This resulted in 475 days of untolled time, which made the petition untimely under the one-year statute of limitations, 28 U.S.C. § 2244(d).

Petitioner does not dispute the show cause order's statute of limitations calculation. Instead, Petitioner explains that: (1) he is a Mexican national who does not understand or read English very well; (2) he had to rely on others for legal advice; and, (3) there are no bilingual legal services at his prison. [5]. Petitioner's arguments do not qualify for equitable tolling.

The statute of limitations can be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To obtain equitable tolling, Petitioner must show: (1) that he diligently pursued his rights,

and (2) that an extraordinary circumstance stood in his way, preventing a timely filing. *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The granting of equitable tolling "is rare; it is 'reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quoting *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004)). Petitioner has the burden of establishing that equitable tolling is warranted. *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) (citing *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008)). The determination of whether equitable tolling is applicable is a "highly fact-dependent area" that requires the Court to apply "flexible standards on a case-by-case basis." *Socha*, 763 F.3d at 684 (internal quotation marks and citations omitted).

Petitioner fails to demonstrate that he diligently pursued his rights. The diligence required for equitable tolling is "reasonable diligence." *Holland*, 560 U.S. at 653 (citations omitted). Petitioner does not suggest that he made any efforts to file a timely petition despite his alleged difficulties, or that he made any effort to overcome these difficulties.

Petitioner also fails to demonstrate how the circumstances he faced were extraordinary. As mentioned, Petitioner argues that he faced difficulty understanding the law because of his language and education difficulties. However, as a general principle, ignorance of the law does not qualify as an extraordinary circumstance requiring equitable tolling. *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006).

The fact that English is not Petitioner's native language does not, by itself, qualify him for equitable tolling. *United States v. Prieto*, No. 2:05-CR-139, 2012 WL 12539, at *4 (N.D. Ind. Jan. 3, 2012). *Prieto* explained that although the Seventh Circuit has not addressed the issue, the Sixth, Tenth, and Eleventh Circuits have rejected the argument outright. *Prieto*, 2012 WL 12539, at *4 (collecting cases). *Prieto* also discussed that the Second and Ninth Circuit allowed equitable tolling only when the inmate made an independent effort to diligently pursue his rights in face of the language barrier. *Id*.

This principle was applied in *Sanchez v. Gaetz*, 988 F. Supp. 2d 858 (N.D. Ill. Sept. 9, 2013). In *Sanchez*, the inmate did not speak English and did not have bilingual resources. His only choice was to rely upon bilingual jailhouse lawyers who provided him inaccurate information resulting in an untimely petition. *Sanchez* concluded that these facts excused an otherwise untimely petition.

However, in the present case unlike *Sanchez*, Petitioner fails to argue that he took any steps to diligently pursue his rights, or that he had to rely on the inaccurate advice of bilingual jailhouse lawyers as a last result. *See Holland*, 560 U.S. at 653 (a petitioner must exert "reasonable diligence" with attempting to file his habeas petition timely for equitable tolling to apply). Though he states English is not his first language, he does not explain how this obstacle prevented him from filing a timely petition. It should also be noted that Petitioner's original petition and response to the show cause order are written by someone who has no difficulty with English.

Petitioner fails to demonstrate that he diligently pursued his rights, or that an extraordinary circumstance stood in his way preventing a timely filing. He does not qualify for equitable tolling. The petition is dismissed on the merits under the statute of limitations, 28 U.S.C. § 2244(d).

The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner cannot make a substantial showing of the denial of a constitutional right, or that reasonable jurists would debate, much less disagree, with this Court's resolution of this case. *Resendez v. Knight*, 653 F.3d 445, 446-47 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Petitioner is advised that this is a final decision ending his case in this Court. If Petitioner wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Petitioner wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

On the Court's own motion, Respondent Nicholas Lamb is terminated. Petitioner's present custodian, Randy Pfister, Warden, Stateville Correctional Center, is substituted as Respondent. Fed. R. Civ. P. 25(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Clerk is instructed to alter the case caption to *Valerio v. Pfister*.

Date: December 28, 2015